**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

IVAN DENNINGS CALES,

    Petitioner - Appellant,

v.

THE STATE OF NEW MEXICO;
GEORGE STEVENSON, Warden, LCCF;
HECTOR BALDERAS, The Attorney
General of the State of New Mexico,

    Respondents - Appellees.

No. 26-2048
(D.C. No. 2:22-CV-00723-WJ-KK)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Ivan Dennings Cales, a state prisoner proceeding *pro se*,[1] applies for a certificate

of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

petition for habeas relief.  He also moves to proceed *in forma pauperis* (IFP) and moves

to add a party to the appeal.  For the reasons below, we **DENY** a COA, **DENY** Cales's

IFP motion, **DENY** his motion to add a party as moot, and **DISMISS** this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Cales's *pro se* application liberally, but we do not act as his advocate.  *See Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

# I.    Background

The district court has thoroughly detailed Cales's underlying crimes, so we recite only those facts relevant to the issues he raises in his application.

During the spring and early summer of 2014, Cales resided at a communal property in the Two Peaks area of Carson, New Mexico.  Roxanne Houston, another community resident, disappeared from the property in late June 2014.  Cales soon left the community and relocated to the property of Michael Thebo in the Three Peaks area of Carson.  Hikers discovered Houston's decomposed body and partially burnt bra in a shallow grave not far from the Two Peaks community in December 2014.  A state forensic pathologist determined Houston had been shot, execution-style, in the head.  In early 2015, New Mexico authorities arrested and charged Cales for Houston's murder.

At Cales's trial, the State introduced evidence that Cales and Houston engaged in several contentious interactions in the days leading up to her disappearance, with Cales having told other community residents that Houston was a liar and could not be trusted. Evidence showed that Cales was absent from the community when Houston disappeared and that when Cales returned, his vehicle had a strange odor which he attributed to a dead rat.  Witnesses testified that Cales owned a Russian Tokarev handgun while living at the Two Peaks and Three Peaks communities.  A prosecution expert testified that a Tokarev is consistent with the type of firearm that fired the bullet found lodged in Houston's skull. A state detective testified that when he asked Cales during an interview for a DNA sample, Cales agreed to provide the sample and disclosed that while collecting firewood in the Two Peaks area in July 2014, he had discovered and briefly handled a partially

burnt bra and bone.  The detective also testified that he scheduled a follow-up interview with Cales, but Cales never showed up and instead fled the Three Peaks community, trading his Tokarev handgun with another resident before he left.  When the detective located Cales and arrested him, Cales had cut his hair, grown a beard, and acted as if he were unable to speak.

Most relevant to the issues Cales raises here, the State also presented testimony from two witnesses about Cales's Native American heritage and beliefs.  Thebo testified that Cales said he was a member of the Lenape tribal nation, he believed in witches and distrusted them, and he would feel justified in killing a witch that cursed him in order to break the curse.  Cales's cellmate during pretrial detention, Raymond Martinez, testified that Cales said Houston was a witch and he had awoken one night to find Houston waving her hands over him while mouthing silently.  Martinez also testified that Cales showed him his drawings that depicted Native American witch hunters, one of which Cales said was a person slaying a witch.  The State admitted one of the drawings into evidence.

The jury convicted Cales of first-degree murder and tampering with evidence for burying Houston's body.  The state district court sentenced him to life in prison.

Cales appealed his convictions to the New Mexico Supreme Court.  He argued, among other things, that the State's evidence could not support his first-degree murder conviction, and that the state district court erred by admitting character evidence as well as portions of a videotaped police interview.  The New Mexico Supreme Court rejected Cales's arguments and affirmed his convictions.

Cales then challenged his conviction with a state habeas petition. He asserted claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, denial of his right to testify, and fundamental errors that resulted in violations of his right to due process. The state district court dismissed all his claims except for the right-to-testify claim. But after holding an evidentiary hearing on that issue, the court ultimately denied relief. The New Mexico Supreme Court denied his subsequent certiorari petition.

In 2022, Cales filed the underlying 28 U.S.C. § 2254 habeas petition in the District of New Mexico. Cales alleged (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) a violation of his right to a fair trial stemming from the trial judge's admission of Martinez's testimony about Cales's drawings, despite such evidence constituting inadmissible character evidence; (4) a violation of his right to due process because his trial counsel did not explain his right to testify and barred him from doing so; and (5) insufficiency of the State's evidence to support his convictions. *See* R., Vol. I at 8–48.

The magistrate judge issued a Proposed Findings and Recommended Disposition (PFRD) on Cales's petition, recommending the district court deny relief on all claims. Cales filed an objection as well as several addendums to the objection in which he raised new grounds for relief. *See* R., Vol. II at 49–54, 59–62.

The district court overruled Cales's objections, adopted the magistrate judge's PFRD, and denied Cales's § 2254 petition and a COA. Cales moved the district court to reconsider its ruling, but the district court denied that as well.

Cales now seeks a COA from this court.

4

## II.   Discussion

A state prisoner who seeks to appeal a district court's denial of his § 2254 habeas petition must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the prisoner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his application for a COA, Cales argues that the state court misapplied various state evidentiary rules.[2] But we seldom entertain such claims on federal habeas review. *See Hooker v. Mullin*, 293 F.3d 1232, 1238 (10th Cir. 2002) ("We limit our review [of § 2254 petitions] to consideration of alleged violations of the Constitution, laws or treaties of the United States."). Cales, "therefore, can receive habeas relief only if the erroneous admission of evidence rendered his trial as a whole fundamentally unfair." *Id.* To meet this standard, Cales bears the heavy burden of showing "the error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Id.* (quotation marks omitted); *see also Andrew v. White*, 604 U.S. 86, 93 n.3 (2025) (per curiam) ("[D]ue process protects defendants from the

---

[2] Cales has abandoned his first (ineffective assistance of counsel), second (prosecutorial misconduct), fourth (right to testify), and fifth (sufficiency of the evidence) grounds for relief from his § 2254 petition because he did not raise them in his application for a COA to this court. We therefore need not address them. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (concluding that a prisoner waived an argument he made in his habeas petition "because he failed to address that claim in either his application for a COA or his brief on appeal").

introduction of evidence so prejudicial as to affect the fundamental fairness of their trials.").

Cales argues the state court made three evidentiary errors that amounted to independent violations of his right to due process. He claims the state court erred in admitting: (1) testimony from Martinez about the witch-hunter drawings because that testimony was based on Cales's "writings" and not any discussion Martinez had with Cales; (2) testimony from Thebo because he is a chronic drug user; and (3) evidence of Cales's "race and religion" that the State used in support of its "witch-killer theory." Aplt. Br. at 5–6. We address each argument in turn.

Cales first contends that the trial judge violated New Mexico's evidentiary rule against hearsay by admitting Martinez's testimony. *See* Rule 11-801 N.M.R.A. He says Martinez's testimony about Cales's belief that Houston was a witch must have been based on Cales's "writings" since Cales never spoke to Martinez on the topic. *See* Aplt. Br. at 9 (Cales's "Affidavit about Raymond Martinez" attached to his application in which Cales swears he "never said anything to [Martinez] about witches," and speculates that Martinez must "have garnered this information from writings I had in my cell"); *id.* at 11 (arguing Martinez is "untrustworthy" and "a pathological liar" that "would do anything to get out"). Cales thus claims: "*Any* writings used [fall] under [the rule against hearsay] and are inadmissible." *Id.*

But Cales never made this hearsay-based argument to the district court. Although he argued in his § 2254 petition that the state court erred by admitting "statements or identification of drawings made by Mr. Martinez," he alleged the statements were

6

inadmissible as *character* evidence under New Mexico Rule 11-404.  R., Vol. I at 15.

Because Cales did not raise this argument to the district court, we conclude he has waived

it.  *Harmon v. Sharp*, 936 F.3d 1044, 1066 (10th Cir. 2019) ("We do not generally

consider issues that were not raised before the district court as part of the habeas

petition." (quotation marks omitted)).

The final two grounds Cales raises to justify a COA are also alleged evidentiary

errors.  He argues that the trial judge should have excluded Thebo's testimony because he

was a chronic marijuana user.  Cales also contends the trial judge should have excluded

unspecified evidence relating to his Native American race and religion that the State used

to support its witch-killer theory.

These alleged errors, however, were also not in Cales's § 2254 petition.  Rather,

Cales first made these arguments in either his objection to the magistrate judge's PFRD

or one of the addendums he filed with it.  *See* R., Vol. II at 49, 53, 56, 59, 61, 70, 75.

"Issues raised for the first time in objections to the magistrate judge's recommendation

are deemed waived."  *Wahpekeche v. Pettigrew*, 169 F.4th 1176, 1183 (10th Cir. 2026)

(citation modified).  We therefore need not consider these arguments because Cales

waived them.

Because we conclude Cales has waived all the arguments in his application,[3] he

has failed to make a substantial showing of the denial of a constitutional right.

---

[3] Even if Cales had not waived his evidentiary arguments, we would conclude they
were insufficient to warrant a COA.  Cales failed to demonstrate that the state court
violated a New Mexico evidentiary rule, or that even if it had, its error was so prejudicial
that it made his trial fundamentally unfair.  *See Hooker*, 293 F.3d at 1238.

Accordingly, we deny his application for a COA. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Cales also moves for leave to proceed IFP. But because Cales "has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny the IFP motion. *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007) (citing 28 U.S.C. § 1915(e)(2)). And because we deny Cales's application for a COA, we also deny his motion to add a party on appeal as moot.

## III.   Conclusion

For these reasons, we deny Cales's application for a COA, deny his motion to proceed IFP on appeal, deny his motion to add a party on appeal, and dismiss this matter.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

8